

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*        (203) 821-3700
*157 Church Street, 25th Floor*        *Fax (203) 773-5376*
*New Haven, Connecticut 06510*        *www.justice.gov/usao/ct*

May 10, 2017

Joseph W. Martini, Esq.
Wiggin and Dana LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, Connecticut 06901

      Re:    United States v. William Lieberman
              Case No. 3:17CR 96 (JAM)

Dear Attorney Martini:

      This letter confirms the plea agreement between your client, William Lieberman (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEAS AND OFFENSES

      The defendant agrees to waive his right to be indicted and to plead guilty to both counts of a two-count Information charging him in Count One with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, and in Count Two with tax evasion, in violation of 26 U.S.C. § 7201.

      The defendant understands that, to be guilty of the offense of conspiracy to commit mail and wire fraud, as charged in Count One of the Information, the following essential elements of the offense must be satisfied:

      1.    A conspiracy, or unlawful agreement, existed between two or more persons to commit wire and mail fraud, as described in the Information; and

      2.    The defendant knowingly, willfully, and voluntarily became a member of, or a participant in, the conspiracy.

The defendant further understands that, to be guilty of the offense of tax evasion, as charged in Count Two of the Information, the following essential elements of the offense must be satisfied:

1. For tax year 2014, the defendant had a substantial tax due and owing to the United States;

2. The defendant engaged in one or more of the affirmative acts described in the Information with the intent to defeat or evade the calculation or payment of that tax; and

3. The defendant acted willfully, that is, with the intent to defeat a known legal duty.

## THE PENALTIES

### Count One

The offense of conspiracy to commit mail and wire fraud carries a maximum penalty of 20 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years to begin after imprisonment. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Count Two

The offense of tax evasion carries a maximum penalty of 5 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years to begin after imprisonment. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

\*     \*     \*

With respect to each count of conviction, the defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $200. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty pleas are accepted.

The defendant is also subject to restitution on each count of conviction, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (*i*) and § 3612(g).

Restitution Concerning Count One

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable at the time of sentencing unless otherwise ordered by the Court.

The parties agree that restitution concerning Count One takes priority over restitution concerning Count Two, such that all victims of the offense charged in Count One shall receive full restitution before the United States receives any restitution. *See* 18 U.S.C. § 3664(i).

Restitution Concerning Count Two

The defendant agrees to make restitution to the IRS for any tax due and owing plus penalties and interest for tax years 2011, 2012, 2013, 2014, and 2015. *See* 18 U.S.C. § 3663(a)(3). The defendant understands that the Court may order restitution as a condition of probation or supervised release. The order of restitution has the effect of a civil judgment against the defendant. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A and 3614.

The defendant agrees to make restitution to the IRS in the total amount of $436,235 for tax years 2011 through 2015 as set forth in the chart below, plus applicable statutory penalties and interest, which will continue to accrue. *See* 18 U.S.C. § 3663(a)(3)

| Tax Year | Unreported Income | Corrected Taxable Income | Additional Tax Due and Owing |
|---|---|---|---|
| 2011 | $88,480.67 | $77,191 | $20,987 |
| 2012 | $139,770.49 | $126,322 | $41,903 |
| 2013 | $256,610.75 | $245,128 | $90,802 |
| 2014 | $424,727.13 | $436,904 | $169,272 |
| 2015 | $289,305.75 | $301,972 | $113,271 |
| TOTAL | $1,198,894.79 | $1,187,517 | $436,235 |

The defendant has asked for time to present additional information to the Government concerning deductions or other items that might further reduce his corrected taxable income and thus the additional tax due and owing as reflected in the chart above. The Government will consider any information presented prior to sentencing, but the parties agree that it will be within the sole discretion of the Government whether or not any adjustments to the foregoing calculations are warranted in light of any information presented.

The defendant agrees that he will sign the IRS forms deemed necessary by the IRS to enable it to make assessment of the agreed-upon restitution, including agreeing to sign the Revenue Agent's Report (Form 4549). The defendant further agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the United States Attorney's Office and the IRS to enable them to investigate any taxes owed by the defendant, including, but not limited to, any civil penalties and interest. With respect to disclosure of the criminal file to the above-listed individuals and entities, the defendant waives any rights the defendant might hold under 26 U.S.C. §§ 6103 and 7213, and Fed. R. Crim. P. 6(e). The defendant further waives any other rights he might have to non-disclosure of tax-related information. The defendant agrees as a special condition of probation or supervised release that he will cooperate with the IRS to pay all outstanding taxes, interest, and penalties.

The defendant further agrees to pay the IRS his taxes due and owing, plus penalties and interest, once all victims of the offense charged in Count One have received full restitution. *See* 18 U.S.C. § 3664(i). The defendant understands that interest as fixed by statute will continue to accrue until his civil liabilities are fully paid. Nothing in this agreement shall limit the authority of the IRS to collect the defendant's tax liabilities in any manner authorized by law.

Should the Court order the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of probation or supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from

administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

The defendant will send his tax restitution payments to:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

The defendant agrees not to file thereafter any claims for a refund of taxes, penalties, or interest for amounts attributable to the returns filed incident to his plea.

## **THE SENTENCING GUIDELINES**

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty pleas if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offenses. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter pleas of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the

defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty pleas or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his pleas of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The parties agree that the counts of conviction are grouped together under U.S.S.G. § 3D1.2(d). The parties further agree that the Guideline calculation under U.S.S.G. § 2B1.1 for the offense of conspiracy to commit mail and wire fraud, as charged in Count One of the Information, produces a higher offense level than the Guideline calculation under U.S.S.G. § 2T1.1 for the offense of tax evasion, as

charged in Count Two of the Information. As a result, U.S.S.G. § 2B1.1 is used to determine the applicable Guidelines range. U.S.S.G. § 3D1.3(b).

The defendant's base offense level under U.S.S.G. § 2B1.1 is 7. That level is increased by 18 because the loss exceeded $3,500,000. U.S.S.G. § 2B1.1(b)(1)(J). Two levels are added under U.S.S.G. § 2B1.1(b)(2)(A) because the offense involved 10 or more victims and/or resulted in substantial financial hardship to one or more victims. An additional 2 levels are added because the offense involved sophisticated means. U.S.S.G. § 2B1.1(b)(10)(C). Four levels are added under U.S.S.G. § 2B1.1(b)(19)(A)(i) because the offense involved a violation of securities law and the defendant was an officer of a publicly traded company. Three levels are added under U.S.S.G. § 3B1.1(b) because the defendant was a manager or supervisor and the criminal activity involved 5 or more participants or was otherwise extensive. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 33.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 33, assuming a Criminal History Category I, would result in a range of 135 to 168 months of imprisonment (sentencing table) and a fine range of $35,000 to $350,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of one to three years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or

collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 168 months of imprisonment, a 3-year term of supervised release, a $200 special assessment, a fine of $250,000, and restitution in any amount ordered by the Court, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

<u>Waiver of Right to Indictment</u>

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offenses set forth in the Information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

<u>Waiver of Trial Rights and Consequences of Guilty Pleas</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right

to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense.  The defendant understands that by pleading guilty he waives those rights and that, if the pleas of guilty are accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the convictions following defendant's guilty pleas be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution.  The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Venue

The defendant expressly agrees to waive, for purposes of this agreement and any charges by the Government arising out of the conduct described in the Information, any defense or objection with respect to venue.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEAS

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty.  The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges his understanding of the nature of the offenses to which he is pleading guilty, including the penalties provided by law.  The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney.  The defendant and his undersigned counsel are unaware of any conflict of

interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from his pleas of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty pleas, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct which forms the basis of the Information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty pleas.

**NO OTHER PROMISES**

    The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

    This letter shall be presented to the Court, in open court, and filed in this case.

    Very truly yours,

    DEIRDRE M. DALY
    UNITED STATES ATTORNEY

    _____
    AVI M. PERRY
    ASSISTANT UNITED STATES ATTORNEY

    The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

| _____ | 5/10/2017 |
|---|---|
| WILLIAM LIEBERMAN | Date |
| The Defendant | |

    I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

| _____ | 5/10/17 |
|---|---|
| JOSEPH W. MARTINI, ESQ. | Date |
| Attorney for the Defendant | |

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that gives rise to the defendant's agreement to plead guilty to the Information. The parties acknowledge that this stipulation is not intended to, and does not, set forth all of the information that the parties believe will be relevant for the Court's consideration at sentencing.

From about January 2010 until about July 2016, the defendant knowingly and willfully participated in a scheme to defraud investors, and conspired with others to do so. The scheme involved the fraudulent promotion and sale of certain "microcap" and "penny" stocks (the "Subject Securities") that were publicly traded on the over-the-counter market.

The companies that issued the Subject Securities were controlled by the defendant and his co-conspirators. While the defendant at times made efforts to develop the businesses of some of these companies, at least some were shell entities with virtually no legitimate business activities. The issuing companies included Terra Energy Resources Ltd. (stock symbol "TRRE"); Mammoth Energy Group, Inc. (stock symbol "MMTE"), a company that later became Strategic Asset Leasing Inc. (stock symbol "LEAS"); Trilliant Exploration Corporation (stock symbol "TTXP"); Hermes Jets, Inc. (stock symbol "HRMJ"), which later became Continental Beverage Brands Corporation (stock symbol "CBBB"); Dolat Ventures, Inc. (stock symbol "DOLV"); and Fox Petroleum, Inc. (stock symbol "FXPT"). At various times, the defendant served as the Chief Executive Officer, Chairman of the Board, President, Secretary, and Treasurer of Mammoth Energy Group, Inc.; the President, Chief Executive officer, and Chairman of the Board of Strategic Asset Leasing Inc.; the President, Chief Accounting Officer, Chief Executive Officer, Chief Financial Officer, Secretary, and Treasurer of Fox Petroleum, Inc.; and the Chief Executive Officer, President, Treasurer, Secretary, and Chief Financial Officer of Trilliant Exploration Corporation.

The defendant and his co-conspirators fraudulently induced investors to purchase the Subject Securities by means of false and misleading representations and actions concerning the Subject Securities and the issuing companies, including but not limited to the following:

First, in his capacity as an officer of certain of the issuing companies, the defendant, working with others, issued false and misleading press releases concerning the financial health and prospects of those companies.

Second, as the defendant was aware, certain of his co-conspirators promoted the Subject Securities to prospective investors through interstate telephone calls, emails, and mailings, in which communications the promoters made false and misleading statements concerning the performance of the Subject Securities and the financial health and prospects of the issuing companies. However, the defendant did not have actual knowledge of the specific nature of the fraudulent statements that were made to prospective investors by his co-conspirators.

Third, at various times, the defendant personally arranged for attorneys, including in Connecticut and Colorado, to sign false and misleading opinion letters that were designed to provide assurances to securities transfer agents and prospective investors. On other occasions, the defendant affixed attorneys' signatures to such opinion letters. Among other things, these opinion letters falsely certified that the attorneys had adequately reviewed corporate records and filings for the issuing companies and were satisfied with the adequacy of the companies' public disclosures.

Fourth, the defendant and his co-conspirators conducted matched or coordinated trades of the Subject Securities amongst themselves or in large blocks at predetermined prices, in order to artificially boost the trading volume of the Subject Securities, create the appearance of liquidity, and thus falsely drive up the share price.

Through these and other fraudulent means, the defendant and his co-conspirators caused the share price of the Subject Securities to become artificially inflated. The conspirators then sold their own preexisting positions in the Subject Securities at the falsely inflated prices, thereby enriching themselves. After selling their own shares at a profit, the conspirators allowed the price of the Subject Securities to fall, leaving investors with worthless and unsalable stock. As a result, victim investors lost at least $3.5 million.

As a result of his participation in the scheme, the defendant received, at most, $1,198,894.79 over the five-year period from 2011 to 2015. The defendant knew and understood that he was obligated to pay federal income taxes on money that constituted income to him, but he willfully engaged in various affirmative acts with the intent to defeat and evade the correct calculation and payment of those taxes. More specifically, the defendant received his income from the scheme by having the funds flow through the trust accounts of various attorneys to bank accounts in the name of various shell entities under the defendant's control. From there, the defendant withdrew funds in cash. He also paid personal expenses from these corporate accounts. As a result of these and other affirmative acts, the defendant did not report $1,198,894.79, at most, in income 2011 through 2015, and thus evaded $436,235 in income taxes due to the Internal Revenue Service.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the Court in connection with sentencing.

_____
WILLIAM LIEBERMAN
The Defendant

_____
AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY

_____
JOSEPH W. MARTINI, ESQ.
Attorney for the Defendant

## **RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614, 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.

# **RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614, 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.